UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEELEY HAMILTON,

        Plaintiff,                          Civil Action No. 22-10066
vs.                                            HON. MARK A. GOLDSMITH

KILOLO KIJAKAZI,

        Defendant.
_____/

**OPINION & ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 16); (2) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (R&R) (Dkt. 14); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 10); (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 12); AND (5) AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Keeley Hamilton seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income under the Social Security Act. Hamilton and the Commissioner both filed motions for summary judgment (Dkts. 10, 12). The magistrate judge issued an R&R recommending that the Court deny Hamilton's motion and grant the Commissioner's motion (Dkt. 14). Hamilton filed objections to the R&R (Dkt. 16), and the Commissioner filed a response to Hamilton's objections (Dkt. 17). For the reasons that follow, the Court overrules Hamilton's objections and adopts the recommendation contained in the R&R.

### I.    BACKGROUND

In her applications, Hamilton claimed that she could not work due to "arthritis of the back and arm and leg numbness." R&R at 2. Administrative law judge (ALJ) Anthony R. Smereka found that Hamilton was not disabled because she had acquired transferrable skills from her past

relevant work. Id. The Appeals Council declined to review the administrative decision, and Hamilton filed suit in this Court. Id. Magistrate Judge Patricia T. Morris issued an R&R recommending that the case be remanded for further proceedings because "the ALJ failed to ask the VE [vocational expert] whether his testimony conflicted with the information found in the Dictionary of Occupational Titles ('DOT') in accordance with Social Security Ruling ('SSR') 4-p, 2000 WL 1898704, at *2 (Dec. 4, 2000)." Id. This Court adopted the R&R and remanded the case for further administrative proceedings. Id. at 3.

On August 18, 2021, ALJ Smereka held a second hearing at which VE John N. Stokes and Hamilton both testified. Id. The ALJ again found that Hamilton was not disabled. Id.

## II. ANALYSIS

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (punctuation modified). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (punctuation modified). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the ALJ." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

Hamilton lodges four objections to the R&R. First, Hamilton objects that the magistrate

2

judge erred in her interpretation and application of Rule 202.00(c) of the Medical-Vocational Guidelines (MVG) in this case because (i) the magistrate judge failed to recognize that MVG 202.00(c) required the Commissioner to grant Hamilton benefits unless Hamilton's skills transferred to a "significant range of semi-skilled or skilled work," which Hamilton interprets to mean "at least three occupations," rather than just a significant number of jobs; and (ii) the magistrate judge failed to explain what relevance MVG 202.00(c) has to this case. Obj. at 2. Second, Hamilton objects that the magistrate judge erred in affirming the Commissioner's finding that her skills transfer to the occupation of auction clerk. Id. at 12. Third, Hamilton objects that the magistrate judge erred by finding that the ALJ properly applied MVG 202.00(c) in this case. Id. at 13. Fourth, Hamilton objects that the magistrate judge erred by finding that the ALJ did not err in applying the "highly marketable standard" from the rescinded Acquiescence Ruling (AR) 95-1(6). Id. at 16.

The Court addresses each objection in turn.

**A. Objection One: Interpretation and Application of MVG 202.00(c)**

MVG 202.00(c) is a rule specific to individuals of advanced age, such as Hamilton. It provides in relevant part:

> [F]or individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

MVG 202.00(c). Hamilton objects that the magistrate judge did not explain how this regulation applies, "beyond pointing out that its mention of 'readily transferable' skills is similar to 20 CFR [§] 404.1568 and MVG 202.00(f)." Obj. at 2–3. As the Commissioner argues, however, the magistrate judge was aware that Plaintiff would be entitled to benefits if she could not perform

3

a significant range of semi-skilled or skilled work because the magistrate judge recited this rule in the R&R. Resp. at 2 (citing R&R at 16). The magistrate judge acknowledged that it is the Commissioner's burden to demonstrate that an applicant can perform such work and then canvassed the evidence supporting the ALJ's determination that Hamilton's past work was semi-skilled, R&R at 16–19, before explaining that the transferrable jobs cited by the VE and adopted by the ALJ adequately accounted for Hamilton's advanced age, id. at 19–20. And the R&R clearly articulated that "the availability of 64,000 positions derived from two occupations" constitutes a significant range of work and is adequate to support the ALJ's finding of non-disability. Id. at 24. It is unclear what else Hamilton believes the magistrate judge should have done to explain how this rule applies to the present case.

Hamilton then argues that the R&R cites Kyle v. Comm'r of Soc. Sec., 609 F.3d 847 (6th Cir. 2010) "for the 'standard to be applied' in determining if a claimant's transferable skills allow her to still do other work . . . despite the fact that Kyle did not even involve MVG 202.00(c)." Obj. at 3 (citing R&R at 22–23). But the magistrate judge acknowledged that "[w]hile Kyle does not address the 'significant range of work' language of § 202.00(c), it cites the standard to be applied for a finding that a claimant possessed transferable skills." R&R at 22. Namely, "at step five, 'the burden shifts to the Commissioner . . . to show a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile.'" Id. at 22–23 (quoting Kyle, 609 F.3d at 855 (punctuation modified)). The magistrate judge explained that "[w]hile Kyle requires evidence of a significant number of jobs, there is no additional requirement for a significant range of occupations, much less a bright line rule that the vocational expert must provide more than two occupations to satisfy the Commissioner's step five burden." Id. at 23. Contrary to Hamilton's objections, the R&R does not imply that "MVG 202.00(c) is irrelevant."

4

See Obj. at 3.

Hamilton asserts that the magistrate judge "dismisse[d]" the "extensive argumentation in her Brief offering her interpretation" of MVG 202.00(c), id., but as the Commissioner points out, the magistrate judge spent five pages addressing Hamilton's arguments regarding what constitutes a significant range of work for purposes of MVG 202.02(c), Resp. at 3 (citing R&R at 21–27).

Hamilton takes issue with the R&R's "attempt[] to neatly blend in MVG 202.00(c) with 20 C.F.R. 404.1563 and 404.1568 as well as MVG 202.00(f) by telling us that MVG 202.00(c) 'similarly' requires that the claimant have skills 'readily transferable' to a significant range of skilled or semi-skilled work." Obj. at 4 (citing R&R at 16). Hamilton argues that in light of these other regulations, the R&R interprets MVG 202.00(c) into "mere redundancy and uselessness." Obj. at 4. As the Commissioner points out, however, Hamilton has not produced any authority that requires the magistrate judge to interpret MVG 202.00(c) in isolation from other regulations and provisions. Resp. at 4. Moreover, this argument is essentially a rehashing of arguments presented in Hamilton's initial brief, see Pl. Mot. for Summ. J. at PageID.1290–1292, and so does not constitute an appropriate objection, Funderburg v. Comm'r of Soc. Sec., No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016).

Hamilton also continues to argue that a "range of work" refers to groups of occupations, not individual jobs. Obj. at 4–5 (citing Pl. Mot. for Summ. J. at PageID.1289–1290; Lindsley v. Comm'r of Soc. Sec., 560 F.3d at 605 (describing "the DOT's job classifications" as "collective descriptions of 'occupations' that can encompass numerous jobs")). The magistrate judge, however, did not rely on Hamilton's case law from the United States Court of Appeals for the Ninth Circuit indicating that a significant range of work for purposes of MVG 202.00(c) means a significant number of distinct occupations, rather than just a significant number of jobs, because

5

that law is not binding on courts within this circuit. See R&R at 21–22 (addressing Lounsburry v. Barnhart, 468 F.3d 1111 (9th Cir. 2006) (construing a "significant range of . . . work" to "require a significant number of occupations" in part because Social Security Ruling 83-10 (1983) "defines the phrase, 'Range of Work,' as 'Occupations existing at an exertional level'"; holding that "[o]ne occupation does not constitute a significant range of work") and Maxwell v. Saul, 971 F.3d 1128, 1129 (9th Cir. 2020) (holding that two occupations did not satisfy the "significant range of work" requirement for MVG 202.00(c) because "a 'range' necessarily requires more than one occupation," and "a 'significant range' must require more than two" because "to interpret 'significant range' to mean only 'range' would nullify the concept of 'significant'")); see also id. at 22 (quoting Baumbach v. Comm'r of Soc. Sec., No. 1:13-CV-851, 2015 WL 139714, at *9 (W.D. Mich. Jan. 12, 2015) ("Lounsburry has never been cited in any decision of the United States Court of Appeals for the Sixth Circuit.")).

Additionally, the magistrate judge interpreted Geiger v. Apfel, No. 99-5590, 2000 WL 1257184 (6th Cir. July 10, 2000) as "flatly reject[ing] the argument that the one occupation of dispatcher did not amount to a 'significant range of work' under § 202.00(c)." R&R at 22. In that case, the ALJ relied on testimony by a VE that the claimant "possessed certain skills as the result of his long tenure as a commercial pilot, including knowledge of instruments and communication skills, and that these skills easily were transferable to general dispatcher-type positions, not just to airline dispatching" and on testimony that "75,000 such jobs existed in the national economy." Geiger, 2000 WL 1257184, at *1. The parties disagree about how to interpret this case. Hamilton believes that the court's conclusion that "the claimant's skills were transferable to 'any dispatcher-type position'" "certainly sounds like the Court found the claimant had skills transferable to various 'types of positions', i.e., more than one occupation." Obj. at 9. The Commissioner, on

6

the other hand, argues that "dispatcher is one occupation, with airline dispatcher being one job within that occupation." Resp. at 9. Given that the Sixth Circuit has never adopted Lounsburry or held that "a significant range of work" for purposes of MVG 202.00(c) requires a finding that a claimant is able to engage in at least three occupations, this Court finds the magistrate judge's reading of Geiger, which aligns with the Commissioner's interpretation of Geiger, most compelling.[1]

Ultimately, Hamilton argues that "the Magistrate erred in trying to resolve this appeal while not resolving the question: what does it mean, in the Sixth Circuit, that Plaintiff's skills must transfer to a 'significant range of semi-skilled or skilled work'?" Obj. at 6–7. But the magistrate judge clearly explained that two occupations with 64,000 positions between them constitutes a

---

[1] Hamilton makes two further arguments that the Court can discern.

First, Hamilton appears to argue that the magistrate judge failed to consider vocational adaptability and interpreted MVG 202.00(c) based on the magistrate judge's own "opinion that job numbers matter to those of advanced age more than occupations." Obj. at 9–10. Given that the magistrate judge's decision conformed with binding Sixth Circuit case law interpreting the scope of MVG 202.00(c), Hamilton's contention that the magistrate judge erred by "making policy assumptions that job numbers must matter more than the number of occupations," rather than examining the language of the rule, is without merit. See id. at 10.

Second, Hamilton argues that the magistrate judge misapplied MVG 202.00(c) to the occupation of food checker, because "it in no way meets the criteria for demonstrating Plaintiff's cashier skills transfer to a significant range of work demonstrating vocational adaptability." Obj. at 11. Hamilton asserts that the DOT "essentially describes food checker as nothing other than a sit-down cashier job," and that "[n]o fair, logical case can be made that Plaintiff going from a job where she works on her feet all day as a cashier to a job where she sits down all day as a cashier is an example of a significant range of work." Obj. at 11–12. This argument fails to identify any error by the magistrate judge, who explained that the ALJ relied on testimony from the vocational expert to find that Hamilton could perform this job. See R&R at 11–12. The ALJ is entitled to rely on VE testimony and does not have to rely on the DOT's classifications. Wright v. Massanari, 321 F.3d 611, 616 (6th Cir. 2003).

7

significant range of work in keeping with Geiger. R&R at 24.

Hamilton's first objection is overruled.

**B. Objection Two: Occupation of Auction Clerk**

Hamilton next objects that the magistrate judge erred by affirming the ALJ's finding that Hamilton's skills transfer to the occupation of auction clerk. Obj. at 12–13. As Defendant points out, Hamilton does not provide the Court with any evidence supporting this objection. See Resp. at 10. Hamilton asserts that "Plaintiff's (supposed) transferable skills of 'cashiering, processing, payment for business services via check, money order, cash [and] credit card' . . . do not by any reasonable estimation transfer to the occupation of auction clerk." Obj. at 12. Hamilton contends that an auction clerk, as described by DOT 294.567-010, is someone "who 'listens to' the amounts bid at auctions, who 'records amounts' of bids, locates the items bid on a record sheet, and 'receives money' paid." Obj. at 12.

Substantial evidence, however, does support the ALJ's determination that Hamilton's skills transferred to the occupation of auction clerk. For example, the ALJ relied on the VE's testimony that an individual with the same age, education, past relevant work experience, and RFC as Hamilton could perform the occupation of auction clerk using only skills acquired in the claimant's past relevant work experience and that this occupation would require little vocational adjustment. Soc. Sec. Tr. at PageID.438 (Dkt. 8-8). Hamilton does not provide evidence contradicting this testimony, and "the ALJ was entitled to rely on the testimony of the vocational expert in reaching his decision." Wright v. Massanari, 321 F.3d 611, 616 (6th Cir. 2003).

Hamilton argues that the magistrate judge erred by affirming the VE's testimony that the occupation of auction clerk involves similar tools and processes as Hamilton's previous cashier position because "the DOT description of auction clerk says nothing about using any tools other

8

than one's ears, a writing implement, and a sheet to write on." Obj. at 12 (punctuation modified). The magistrate judge determined that "[t]he VE's testimony satisfies the requirements for the 'same or a lesser degree of skill'; the 'same or similar tools and machines' (cash register); the 'same or similar raw materials, products, processes, or services' (scanning products for purchase); and involves the same job functions as required by § 404.1568(d)(2)(i)–(iii)." R&R at 19–20. As the Commissioner points out, the magistrate judge's conclusion that both positions involve a cash register is supported by the record—Hamilton testified that she used a cash register as a cashier, and the VE explained that the auction clerk position uses a cash register. Resp. at 11 (citing Soc. Sec. Tr. at PageID.455, 457 (Hamilton testifying that she had previously used a cash register as a cashier); id. at PageID.472 (VE testifying that an auction clerk uses a cash register and naming Midwest Rental Auction as an example of an auction clerk employer that uses a cash register)). While Hamilton challenges the conclusion that a cashier and auction clerk engage in similar processes, she does not specifically contest the magistrate judge's statement that both engage in the process of scanning items for sale.

To the extent Hamilton argues that the DOT description of an auction clerk does not demonstrate the use of similar tools and processes as a cashier, she has not demonstrated error by the magistrate judge. "[T]he ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications." Wright, 321 F.3d at 616.

Hamilton's second objection is overruled.

### C. Objection Three: ALJ's Application of MVG 202.00(c)

Hamilton objects that the magistrate judge implicitly approved—and simultaneously failed to examine—the ALJ's interpretation of MVG 202.00(c). Obj. at 13–15. Hamilton asserts that

the ALJ defined a "significant range of work" to mean work that "can be done in various locales." Obj. at 14. The ALJ, in determining that the occupations of food checker and auction clerk present a significant range of work, relied on the VE's testimony that work as a food checker can be performed in a hospital setting, in the cafeteria of a commercial office building, or in a small restaurant, while work as an auction clerk can be performed in both wholesale and retail settings. Soc. Sec. Tr. at PageID.439. The ALJ made this finding in the context of a broader discussion about § 202.00(c), which discussed caselaw related to § 202.00(c), the range of environments in which work as an auction clerk or food checker can be performed, and the significant number of jobs available in the two occupations. Id. at PageID.439–440. It is therefore inaccurate to assert that the ALJ understood "a significant range of work" to depend entirely upon the variety of locales in which a given job could be performed, so the magistrate judge did not endorse such an approach.

Regardless, objections are properly directed to errors in the magistrate judge's R&R, not to the underlying ALJ determination. As discussed above, the magistrate judge articulated her understanding of § 202.00(c), finding that 64,000 jobs between two occupations amounted to a "significant range of work," R&R at 24, and this Court has already overruled Hamilton's objection to that conclusion.

Hamilton then argues that she does not have transferrable skills sufficient to perform the work of a food checker without significant vocational adjustment, and therefore that only 6,000 auction clerk jobs are available to her. Obj. at 15–16. But Hamilton fails here to point to a specific error in the magistrate judge's R&R finding substantial support for the ALJ's determination that

10

she is in fact able to perform both kinds of work.

Hamilton's third objection is overruled.

### D. Objection Four: Highly Marketable Standard

Hamilton's final objection is that the magistrate judge erred by finding that the ALJ did not err by stating that Hamilton's prior experience as a cashier gave her a competitive edge over younger individuals. Obj. at 16. However, Hamilton's arguments regarding this objection appear to be simply rehashing arguments previously made to the magistrate judge, rather than pinpointing specific errors in the magistrate judge's R&R. See Funderburg, 2016 WL 1104466, at *1 (declining to analyze plaintiff's objections where such objections were "merely a restatement [of] the arguments [s]he presented in [her] summary judgment brief, an approach that is not appropriate or sufficient").

At the August 18, 2021 hearing, the ALJ initially asked the VE questions about whether Hamilton's cashiering skills could be considered "highly marketable" in reference to Acquiescence Ruling AR-95-1(6), but withdrew those questions after realizing that AR-95-1(6) had been rescinded. Soc. Sec. Tr. at PageID.479–480. Nevertheless, the ALJ mentioned in his decision that "the vocational expert testified that experience as a cashier gives the claimant a competitive edge." Id. at PageID.439. The magistrate judge found that despite this use of the term "competitive edge," there was "no reason to believe that [the ALJ] applied the wrong standard in finding that Plaintiff had transferrable skills," given that "the ALJ properly cited § 202.00(c) (regarding individuals of advanced age) and 202.00(f) (regarding individuals closely approaching retirement age) in performing his analysis." R&R at 20–21 n.8. Hamilton here simply repeats her argument that the ALJ's reference to a "competitive edge" evinces an improper application of AR-95-1(6). See Pl.

11

Mot. for Summ. J. at PageID.1300–1301. As a result, Hamilton has failed to demonstrate an error in the R&R.

Moreover, it is clear that the ALJ's conclusion that Hamilton is able to perform a significant range of work would still stand even without the finding that Hamilton's skills give her a competitive edge—she still has transferable skills enabling her to perform work in two occupations that have 64,000 jobs between them. See Kobetic v. Comm'r of Soc. Sec., 114 F. App'x 171, 173 (6th Cir. 2004) ("When remand would be an idle and useless formality, courts are not required to convert judicial review of agency action into a ping-pong game.") (punctuation modified).

Hamilton's fourth objection is overruled.

### III.     CONCLUSION

For the foregoing reasons, the Court overrules Hamilton's objections (Dkt. 16) and adopts the magistrate judge's recommendation (Dkt. 14). Accordingly, the Court denies Hamilton's motion for summary judgment (Dkt. 10), grants the Commissioner's motion for summary judgment (Dkt. 12), and affirms the Commissioner's decision.

SO ORDERED.

Dated: March 31, 2023  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge